J-S64043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID KENNEDY | |
| Appellant | No. 1012 WDA 2014 |

Appeal from the PCRA Order May 13, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000571-2001

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED OCTOBER 31, 2014**

Appellant, David Kennedy, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 21, 2005, a jury convicted Appellant of first degree murder, and the court immediately sentenced him to life imprisonment.  This Court affirmed the judgment of sentence on February 26, 2007.  **See Commonwealth v. Kennedy**, 924 A.2d 693 (Pa.Super. 2007).  On March 12, 2008, Appellant timely filed a counseled PCRA petition.  On August 4, 2008, the PCRA court reinstated Appellant's right to file a petition for

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

allowance of appeal *nunc pro tunc*, which Appellant filed on August 18, 2008. On December 31, 2008, our Supreme Court denied the *nunc pro tunc* petition for allowance of appeal. **See Commonwealth v. Kennedy**, 600 Pa. 730, 963 A.2d 468 (2008).

On February 19, 2009, Appellant timely filed a counseled PCRA petition alleging ineffective assistance of trial counsel. On March 16, 2009, the court provided notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The court denied PCRA relief on April 14, 2009. This Court affirmed the order on December 18, 2009, and our Supreme Court denied Appellant's petition for allowance of appeal on May 11, 2010. **See Commonwealth v. Kennedy**, 990 A.2d 47 (Pa.Super. 2009), *appeal denied*, 606 Pa. 662, 995 A.2d 352 (2010).

Appellant filed a *pro se* PCRA petition on May 23, 2012, raising multiple claims of prosecutorial misconduct. Appellant also asserted that the facts upon which his claims were based were unknown to him and could not have been ascertained by the exercise of due diligence. On June 1, 2012, the court provided Rule 907 notice. Appellant filed a *pro se* response on August 30, 2012. Ultimately, the court denied PCRA relief on September 18, 2012. Appellant filed a *pro se* notice of appeal, and this Court affirmed on August 8, 2013. **See Commonwealth v. Kennedy**, 83 A.3d 1062 (Pa.Super. 2013)

Appellant filed the current *pro se* PCRA petition on February 26, 2014.

The court issued Rule 907 notice on March 5, 2014, and denied relief on May 13, 2014. Appellant timely filed a notice of appeal on June 9, 2014. The court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> WHETHER THE PROSECUTION'S EXTENSIVE USE OF FALSE TESTIMONY VIOLATED THE RULES OF **BRADY**, AS DEFINED BY COURTS, THEREBY DENYING APPELLANT'S CONSTITUTIONAL RIGHTS[?]
>
> WHETHER THE PROSECUTION'S PRE-TRIAL CONSTITUTIONAL FAILURE TO GUARD AGAINST IMPROBITY IN THE TRIAL PROCESS RENDERED THE TRIAL UNFAIR AND IN VIOLATION OF DUE PROCESS[?]
>
> WHETHER THE PROSECUTION'S EGREGIOUS MISCONDUCTS PREJUDICED THE OUTCOME OF THE TRIAL[?]
>
> WHETHER THE 23-YEAR PRE-ARREST/28-YEAR PRE-TRIAL DELAY SIGNIFICANTLY PREJUDICED APPELLANT'S DUE PROCESS RIGHTS[?]
>
> WHETHER THE PROSECUTION'S INFLAMMATORY AND PREJUDICIAL CLOSING REMARKS, NOT BASED ON EVIDENCE [OF] RECORD, SO PREJUDICED THE JURY THAT A VERDICT BASED ON FACTUAL EVIDENCE COULD NOT BE ACHIEVED[?]

(Appellant's Brief at 0-I).

As a preliminary matter, we must determine whether Appellant's current petition is timely. **Commonwealth v. Harris**, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely

PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Further, any petition invoking one of the three exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "We have established that this 60–day rule requires a petitioner to plead and prove that the information on which his claims are based could not have been obtained earlier despite the exercise of due diligence." ***Commonwealth v. Edmiston***, 619 Pa. 549, 560, 65 A.3d 339, 346 (2013), *cert. denied,* ___ U.S. ___, 134 S.Ct. 639, 187 L.Ed.2d 423 (2013). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the court sentenced Appellant on November 21, 2005. This Court affirmed the judgment of sentence on February 26, 2007. Our Supreme Court denied Appellant's petition for allowance of appeal on December 31, 2008, and Appellant did not seek further review. Thus, Appellant's judgment of sentence became final ninety days later, on March 31, 2009, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Appellant filed his current PCRA petition on February 26,

- 5 -

2014, almost five years after his judgment of sentence became final. Accordingly, Appellant's prayer for relief was patently untimely.

Appellant attempts to invoke an exception to the time restrictions of the PCRA, arguing his failure to raise the claim previously was the result of interference by government officials. **See** 42 Pa.C.S.A. § 9545(b)(1)(i). Specifically, Appellant contends the prosecution presented false testimony at trial and committed prosecutorial misconduct with prejudicial closing statements. Appellant alleges the Commonwealth intentionally delayed the trial, and lost and withheld evidence, creating interference. Under these circumstances, Appellant concludes the PCRA court should have considered the current petition timely filed. We disagree.

Instantly, Appellant does not attempt to satisfy the PCRA's 60-day due diligence requirement. The trial where the governmental interference allegedly took place occurred on November 21, 2005. Appellant fails to assert any reason why he could not have presented his claims at an earlier time. Thus, Appellant failed to satisfy the requirements of Section 9545(b)(2). As a result, we conclude Appellant's current PCRA petition remains time-barred. **See Gamboa-Taylor, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2014