J-S77020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY TEJADA | |
| Appellant | No. 332 EDA 2014 |

Appeal from the PCRA Order December 18, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000570-2001

BEFORE: STABILE, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.: **FILED DECEMBER 22, 2014**

Ricky Tejada appeals from the order of the Court of Common Pleas of Lehigh County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On August 15, 2001, a jury convicted Tejada of one count of attempted criminal homicide,[1] one count of attempted criminal homicide with serious bodily injury,[2] two counts of aggravated assault,[3] one count of simple assault,[4] and one count of recklessly endangering another person.[5] On October 15, 2001, the trial court sentenced Tejada to: 20 to 40 years'

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 901(a); 2501.
[2] 18 Pa.C.S. §§ 901(a); 2501.
[3] 18 Pa.C.S. §§ 2702(a)(4), (1).
[4] 18 Pa.C.S. § 2701(a)(1).
[5] 18 Pa.C.S. § 2705.

imprisonment on the attempted criminal homicide conviction; 10 to 20 years' imprisonment on the attempted criminal homicide with serious bodily injury conviction; 5 to 10 years' imprisonment on the first aggravated assault conviction; 10 to 20 years' imprisonment on the second aggravated assault conviction; 1 to 2 years' imprisonment on the simple assault conviction; and 1 to 2 years imprisonment on the recklessly endangering another person conviction. The sentences were to run concurrent to each other. On October 9, 2003, this Court affirmed the sentence. Tejada did not appeal to the Pennsylvania Supreme Court.

On June 24, 2013, Tejada filed the current PCRA petition, his third.[6] The PCRA court issued a notice of intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On December 18, 2013, the court dismissed the petition. Tejada appealed. Tejada and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925(a).

On appeal, Tejada raises the following claims:

> [(1)] [I]f the [I]nterstate [A]greement on [D]etainers [A]ct ("I.A.D.") codified in 42 Pa.C.S.A. §§ 9101[,] et seq.[,] are the express terms and conditions governing the

_____

[6] Tejada filed a timely first PCRA petition, which the PCRA court dismissed. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied Tejada's petition for allowance of appeal. On December 15, 2010, Tejada filed a "Writ of Error *Coram Nobis*." The PCRA court treated this writ as a PCRA petition, and denied relief. Tejada filed an untimely notice of appeal, and this Court quashed the appeal. The Supreme Court denied his petition for review.

extradition process does such policy or principle codified in 42 Pa.C.S.A §§ 9101[,] et seq.[,] serve as the governing rule, by virtue of it being a contract, when it mandates dismissal of criminal cases due to the terms and conditions of the I.A.D. contract being stultified or impaired which divest or causes the tribunal the lost [sic] of jurisdiction?

[(2)] By appellant having an illegal sentence, should trial court have conducted a [sic] evidentiary hearing on the illegal sentencing issue due to post trial counsel abandonment 42 Pa.C.S.A. § 9543(a)(4) of such illegal sentencing issue [at trial transcripts N.T. Page 23] being raised by appellant, a pro-se prisoner layman, since an illegal sentence issue can never be waived?

[(3)] Since the trial transcripts notes of testimony fail to evidence the mens rea or scienter termed elements of an offense, a requisite for conviction, translates as a fatal variance between the wording of the information and the proof at trial, undermining the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

[(4)] [D]id the imposition of a technology employed on appellant during trial, to wit, some "stun belt," the adverse impact on appellant [sic] [S]ixth [A]mendment right to be present at trial, the force ("stun belt") impeding on appellant's right to be present at trial and thereby participate, which was a [sic] issue abandoned by post trial counselor and cognizable under the PCRA?

Appellant's Brief at 5-6.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at

1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's statute of limitations exist. The exceptions allow for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). If invoking an exception outlined above, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Tejada's judgment of sentence became final on November 10, 2003.[7] **See** 42 Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review). Tejada had one year from that date, i.e., November 10, 2004, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He did not file this PCRA petition until June 24, 2013, more than nine years after his judgment of conviction became final.

Further, Tejada fails to allege and prove any of the exceptions to the PCRA limitations period. He alleges neither any interference by government officials, nor any after-acquired evidence, and his claim of a new constitutional right that applies retroactively fails.

In support of his claim that the recognition of a new right renders the sentence illegal, Tejada relies on **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151 (2013). This Court has found that **Alleyne** cannot provide relief from the PCRA time bar because it did not announce a new constitutional right found to be retroactive. **Commonwealth v. Miller**, -- A.3d ---, 2014 Pa.Super. 214, at *5 (Pa.Super. Sept. 26, 2014). Further, **Alleyne** is inapplicable. In **Alleyne**, the Supreme Court of the United States found that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155. Tejada maintains

_____

[7] November 8, 2003, the thirtieth day following Tejada's conviction, was a Saturday. Therefore, his conviction became final on Monday, November 10, 2003.

his sentence exceeded the maximum sentence. Appellant's Brief at 5. He makes no claim that the trial court imposed a mandatory minimum sentence, and the record establishes that the trial court did not apply a mandatory minimum to his sentence. *Id.*; Notes of Testimony, 5/29/2011.

Therefore, as the PCRA petition is untimely, and Tejada fails to allege and prove any exception to the one-year time limitation, we affirm the PCRA court's order dismissing the PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014