**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACY LEE PIETROVITO | |
| Appellant | No. 1383 MDA 2014 |

Appeal from the PCRA Order July 16, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001161-1985

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MAY 06, 2015**

Appellant Tracy Lee Pietrovito appeals from the order of the Berks County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

The trial court provided the following factual and procedural history:

> This case arises out of a deadly fire that raged through a YMCA on January 28, 1985. At the time, Appellant, who was then seventeen, lived a half block away from the YMCA in Reading, Berks County, Pennsylvania. The city police suspected Appellant had committed nine acts of arson in June 1985 and called him to come into the Youth Aid Division of the Reading Police Department for an interview. He voluntarily appeared, in the company of his parents. He was read his Miranda rights and he agreed to talk to the police. Appellant confessed that he had set the fires in June. At that point, Appellant was under arrest and in custody. The police then suspected that he might have also been involved in the YMCA fire, so they told Appellant of the seriousness of the charges, including the fact that

four deaths had resulted. They again read him his Miranda rights. He and his mother were given the opportunity to consult. Appellant waived his rights and then, after initially trying to pin the arson on a fictitious eight[-]year[-]old boy, confessed to setting the YMCA fire. The Police believed his confession because it was corroborated, in that he knew details of the four incendiary fires known only by a few other individuals. Appellant confessed a second time on June 7, 1985 at the Berks County Juvenile Detention Center in front of staff personnel. One hundred five people were in residence at the YMCA at the time the fires were set; there were 50 injuries and four people died as a result, including a 26[-]year[-]old volunteer fireman. The fires destroyed $1.2 million dollars worth of property.

. . .

On June 5, 1985, Appellant was charged, as an adult, with Criminal Homicide (4 counts); Second Degree Murder (4 counts); Aggravated Assault (4 counts); Recklessly Endangering Another Person (5 counts); and one count each of: Causing or Risking a Catastrophe by Fire, Arson and Criminal Trespass.[1] A jury trial began on March 31, 1986 before the Honorable Arthur E. Saylor.[1] On April [9], 1986, the jury found Appellant guilty on all counts. Appellant filed [post-trial] Motions, which were denied by the Honorable Frederick Edenharter. Appellant was sentenced on March 21, 1988, by the Honorable Albert Stallone, who was assigned to take over all of Judge Saylor's cases after his death. Judge Stallone sentenced Appellant to life imprisonment on each of the four murder convictions, all four sentences to run concurrently; one to two years on the conviction for recklessly endangering another person, to run consecutively to the sentences for second degree murder; three to twenty[-]three years on the conviction for causing a catastrophe by fire, to run consecutive to the second degree murder sentences and concurrently with the recklessly endangering sentence, and finally, three to ten years on the criminal trespass

---

[1] 18 Pa.C.S. §§ 2501(a), 2502(b), 2702, 2705, 3301, 3302, and 3503, respectively.

conviction, this sentence to run consecutive to the murder sentences and concurrent with the remaining sentences. Appellant filed an appeal to the Superior Court, which affirmed the judgment of sentence on December 28, 1988. On June 19, 1989, Appellant's petition for allowance of appeal with the Supreme Court of Pennsylvania was denied.

[1] Judge Saylor passed away unexpectedly in December of 1986.

On [November 13, 1992], Appellant filed his first [PCRA] petition, raising one claim that was previously litigated. Appellant was represented by Maurice Stone, Esquire, who filed an amended petition, withdrew it and then proceeded on the first petition. Judge Edenharter denied this petition on October 14, 1993; this decision was affirmed by the Superior Court on January 6, 1995.

On September 14, 1998, Appellant filed a second PCRA petition, *pro se*. After being given notice, the petition was denied on November 6, 1998. On February 16, 1999, Appellant filed a Motion for Sentence Change, which was denied on March 3, 1999. On March 8, 2000, this case was reassigned to the undersigned. On April [19], 2000, we denied Appellant's Motion for Reconsideration of Sentence. On July [17], 2001, Appellant's request for a Change of Plea and Change of Sentence were denied.

On July 30, 2002, Appellant filed a third PCRA petition. After being given notice, it was denied on September 23, 2002. On January 16, 2004, Appellant filed a Request for Consideration, which was denied on January 27, 2004.

On July 6, 2009, Appellant filed a fourth PCRA petition, which, after notice, was denied on July 29, 2009. He then filed a Petition for a Writ of Habeas Corpus, which was denied on March 18, 2010.[2]

The current PCRA petition, filed on August 22, 2012, is Appellant's sixth PCRA petition, not counting all the other numerous *pro se* post[-]conviction filings. Nonetheless, as

---

[2] The court treated this habeas petition as a PCRA petition.

Appellant raised an issue that might meet an exception under the time bar, on September 14, 2012, we appointed PCRA counsel to represent him and ordered legal briefs to be filed by October 15, 2012. A status hearing was set for December 17, 2012, but the hearing was continued to April 22, 2013, pending the outcome of ***Commonwealth v. Cunningham***, 81 A.3d 1, 11 (Pa.2013); a petition for writ of *certiorari* was pending before the United States Supreme Court. On April 22, 2013, the matter was again deferred pending a decision on the retroactivity of ***Miller v. Alabama***, 132 S.Ct. 2455 ([U.S.]2012), the appeal in the ***Cunningham*** case before the U.S. Supreme Court or new legislation. On June 9, 2014, the Supreme Court of the United States denied the petition in the ***Cunningham*** matter. We then denied Appellant's petition on the basis that the state of the law currently in Pennsylvania is that the constitutional right exception under the PCRA time bar does not apply to Appellant's case because his judgment is final, this matter is now on collateral review and, in accord with the ***Cunningham*** decision of the Supreme Court of Pennsylvania, the ***Miller*** decision is not retroactive to cases on collateral review. We dismissed Appellant's petition on July 16, 2014 and denied reconsideration. Appellant filed an appeal on August 15, 2014.

Opinion, 10/28/2014, at 1-3. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue on appeal:

Did the trial court err in denying the Appellant's PCRA Petition and finding that ***Miller v. Alabama*** does not apply retroactively to cases on collateral review?

Appellant's Brief at 3.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or

subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Monaco**, 996 A.2d at 1079; **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 5 -

Our Supreme Court denied Appellant's petition for review on June 19, 1989. Appellant's judgment of sentence became final when the time to seek review in the Supreme Court of the United States expired. 42 Pa.C.S. § 9545(b)(3). Therefore, his current petition, filed on August 22, 2012, more than twenty-three years later, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

Appellant claims the new constitutional right exception to the PCRA time-bar applies because the Supreme Court of the United States recognized a new constitutional right made retroactive to cases on collateral review in **Miller**. Appellant's Brief at 10-13. We disagree.

In **Miller**, the Supreme Court of the United States found mandatory life imprisonment without parole for juvenile offenders unconstitutional. 132 S.Ct. at 2469. On October 30, 2013, the Supreme Court of Pennsylvania found **Miller** was not retroactive and did not apply to defendants whose judgments of sentence were final prior to the issuance of the **Miller** opinion.[3] **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa.2013).

Appellant maintains that this Court should follow the decision issued in the United States District Court for the Eastern District of Pennsylvania in **Songster v. Beard**, 35 F. Supp. 3d 657 (E.D.Pa.2014). In **Songster**, the

_____

[3] Appellant filed his August 22, 2012 PCRA petition within 60 days of the issuance of the **Miller** opinion on June 25, 2012.

court found that the Supreme Court of the United States recognized a new constitutional rule in **Miller**, which applied retroactively to cases on collateral review. **Id.** at 662-65.[4]

We are not bound by **Songster**. **See, e.g., Commonwealth v. Lambert**, 765 A.2d 306, 315 n.4 (Pa.Super.2000) ("Absent a United States Supreme Court pronouncement, decisions of federal courts are not binding on state courts, even when a federal question is involved"). Rather, we are bound by our Supreme Court's decision in **Cunningham**. **See, e.g., Commonwealth v. Wilson**, 744 A.2d 290, 294 n.4 (Pa.Super.1999). Because the Supreme Court of Pennsylvania has found **Miller** is not retroactive, it does not apply to Appellant and the trial court did not err in denying Appellant's PCRA petition. **See Cunningham** 81 A.3d at 11.[5]

Order affirmed.

---

[4] In **Songster**, the district court addressed a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The defendant in **Songster** had been convicted and sentenced in Pennsylvania.

[5] The Supreme Court of the United States granted a writ of *certiorari* in **Montgomery v. Louisiana**, ___ U.S. ___, 190 L.Ed.2d 649, 135 S.Ct.781 (U.S.2014), which addresses the retroactivity of **Miller v. Alabama**, 567 U.S. −−−−, 135 S.Ct. 1546, (2012). If the Supreme Court determines **Miller** applies retroactively to cases on collateral review, Appellant would have sixty days from that opinion to file his PCRA petition seeking relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015