J-S38031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAHEIM STARKS | |
| Appellant | No. 1104 EDA 2015 |

Appeal from the PCRA Order March 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1205752-2005

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 06, 2016**

Maheim Starks appeals from an order dismissing his second petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, as untimely.  We affirm.

The factual and procedural history of this case is as follows.  A jury found Starks guilty of first degree murder[1] and related offenses for firebombing a house, killing three children inside and seriously injuring two others.  This Court accurately summarized the evidence in its memorandum decision on direct appeal:

> On the evening of May 13, 2005, [Starks] and co-defendant Zakeeyah Harper ('Harper') were sitting in a bar commiserating over their mutual dislike of the adult victim, Jameeka Clark. Clark was the third member of a love triangle consisting of

---

[1] 18 Pa.C.S. § 2502.

Harper and one Thomas 'TJ' Dale, the father of Harper's two children. [Starks] purportedly disliked Clark because she recently had rebuffed his advances.

[Starks] and Harper agreed to firebomb the victims' home later that evening, knowing that Clark lived there with her six children. Shortly after midnight, on May 14, 2005, Harper and her cousin, Tysheea Harper ('Tysheea'), who agreed to act as the lookout, met [Starks] at a gas station. There, Harper purchased two bottles of juice and $5.00 worth of gasoline. The trio emptied the bottles and [Starks] filled them with the gas. As the three individuals walked toward the victims' home, one of them found a t-shirt, ripped it into pieces, and placed the pieces into the bottles, creating a makeshift bomb. As Tysheea watched, [Starks] and Harper lit their 'bombs' and threw them at the house. [Starks]'s bottle crashed through a window, and Harper's bottle landed near the house. A fire erupted, killing three children and seriously injuring two others. A sixth child was thrown from a window to safety. Clark also suffered burns and smoke inhalation.

*Commonwealth v. Starks*, 2125 EDA 2007, at 1-2 (Pa.Super., 1/8/09).

On May 23, 2007, a jury found Starks guilty of three counts of first degree murder and multiple other felonies. On July 25, 2007, the court sentenced defendant to three consecutive life sentences for murder with concurrent terms of imprisonment on the remaining offenses. On January 8, 2009, this Court affirmed Starks' judgment of sentence on direct appeal. Starks did not file a petition for allowance of appeal.

On July 10, 2009, Starks filed his first petition for PCRA relief. The court appointed counsel, who filed an amended petition. On August 3, 2010, the PCRA court dismissed defendant's petition. On August 9, 2010, the PCRA court vacated its order dismissing defendant's petition and granted leave to file an amended petition raising additional claims. On November 5, 2010,

counsel filed a letter explaining that there were no meritorious issues to raise and requested leave to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super.1998) (en banc). On January 28, 2011, the PCRA court granted counsel leave to withdraw and once again dismissed Starks' petition. On March 6, 2012, this Court affirmed the order of dismissal.

On August 7, 2013, Starks filed a second PCRA petition, the petition presently under review. Starks requested a new trial based on alleged newly-discovered evidence: a letter dated June 27, 2013 to Starks from Tysheea Harper, the "lookout" during the bombing and one of the Commonwealth's witnesses during trial. The letter stated in full:

> Listen Mar, I don't know how to explain this, you getting all that time for something you didn't do, got me feeling guilty[.] Mar, you got to understand, at the time I was pregnant, and the way those cops were talking, they made it seem like I was the one who did it, so I wasn't thinking straight at the time[.] I tried to tell the cops the truth, but they didn't want to hear that, they wanted to hear that you and Za[keeyah] did the shit[.] Now me being pregnant and stressed out, I just started saying whatever they wanted to hear, because I wanted to go home. Now Za[keeyah] did what she did because she wanted to do it. Now I don't know how you feeling, because of all the years that passed, but I'm willing to help you out and do whatever I got to do.

PCRA Petition, exhibit "A" (letter dated June 27, 2013).

On December 23, 2014, the PCRA court filed a notice of intent to dismiss Starks' petition without an evidentiary hearing pursuant to

- 3 -

Pa.R.Crim.P. 907. On March 30, 2015, the PCRA court dismissed Starks' petition as untimely. On April 8, 2015, Starks appealed to this Court.

On April 28, 2015, after filing his notice of appeal, Starks filed an amended PCRA petition through counsel, raising claims of ineffective assistance of trial counsel. On July 31, 2015, counsel filed a letter requesting permission to withdraw the present appeal on the ground that Starks' amended PCRA petition "has not been ruled upon as of yet." On August 24, 2015, this Court denied counsel's request without prejudice for Starks to raise the issue in his brief.

Counsel has filed a brief on behalf of Starks in this appeal. The brief does not ask that this Court permit Starks to withdraw this appeal. Accordingly, we deem the request in counsel's July 31, 2015 letter moot.

Starks raises a single issue in this appeal: "Did the [PCRA] court err in denying an evidentiary hearing and then denying PCRA relief because the court assumed [that] Starks could lawfully have convinced Tysheea Harper to recant earlier than she did recant?" Stated differently, Starks contends that the court erred in dismissing his PCRA petition as untimely, because (1) Tysheea Harper's letter satisfied the "newly discovered evidence" exception to the PCRA's statute of limitations, and (2) Starks filed his PCRA petition within sixty days after receiving Harper's letter.

No court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing

- 4 -

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's time bar under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves any of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition which invokes any or all of these exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). This is a separate requirement

over and above the requirements within section 9545 (b)(1)(i)-(iii). *See Commonwealth v. Green*, 14 A.3d 114, 118 (Pa.Super.2012) (defendant failed to qualify for government interference exception within section 9545(b)(1)(i), based on allegation that Commonwealth failed to reveal source of magazine article which supported defendant's *Batson* claim, where he filed PCRA petition more than 60 days after source of magazine article was revealed).

Here, the Superior Court affirmed Starks' judgment of sentence on January 8, 2009. Starks did not file a petition for allowance of appeal. Therefore, his judgment of sentence became final for purposes of the PCRA on Monday, February 9, 2009, when the period for seeking review in the Pennsylvania Supreme Court expired. The statute of limitations for filing a PCRA petition expired on February 9, 2010. Thus, his present PCRA petition, filed in August 2013, is untimely on its face.

Starks fails to satisfy any of the three exceptions to the statute of limitations. Starks argues that Tysheea Harper's June 27, 2013 letter constitutes newly acquired evidence that entitles him to relief. We disagree. To overcome the PCRA's statute of limitations on the basis of newly acquired evidence, the petitioner must prove that the evidence was unknown to him and could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii)). Due diligence

> demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why

> he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super.2015).

Assuming that Harper's letter provided new facts, Starks totally fails to explain why he was unable to obtain these facts until June 2013, over three years after expiration of the statute of limitations. Thus, he fails to demonstrate that he "could not have learned the new fact(s) earlier with the exercise of due diligence." ***Brown***, 111 A.3d at 176.

We do not accept Starks' contention that he is entitled to PCRA relief simply because he filed his petition within sixty days after receiving Harper's letter. As noted above, the sixty day filing requirement is separate and distinct from the requirement to satisfy an exception within section 9545(b)(1)(i)-(iii). ***See Green***, ***supra***. Thus, to obtain relief on the basis of newly acquired evidence, the petitioner must file his PCRA petition within sixty days after learning new facts *and* demonstrate that he exercised due diligence in learning these facts. Starks fulfilled the sixty day filing requisite, but he failed the due diligence requisite.[2]

---

[2] We also note that Starks cannot obtain relief under the government interference exception (section 9545(b)(1)(i)) or the retroactive constitutional right exception (section 9545(b)(1)(iii)), because he does not plead or prove either of these exceptions.

For these reasons, the PCRA properly dismissed Starks' PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016