J-S43037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICCHEEM A. BARKER | |
| Appellant | No. 1807 MDA 2015 |

Appeal from the PCRA Order September 16, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001995-2009
CP-41-CR-0001996-2009

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICCHEEM A. BARKER | |
| Appellant | No. 1808 MDA 2015 |

Appeal from the PCRA Order September 16, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001995-2009
CP-41-CR-0001996-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 17, 2016**

Riccheem Barker appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA").  We affirm.

On September 8, 2010, Barker pled guilty in two consolidated cases to possession with intent to deliver ("PWID") and third degree murder[1] in return for an aggregate sentence of 20-50 years' imprisonment. Barker did not move to withdraw his guilty plea or file a direct appeal. On July 12, 2011, Barker filed a PCRA petition alleging ineffective assistance of counsel. On May 9, 2013, the PCRA court dismissed Barker's petition without a hearing. On April 8, 2014, this Court affirmed.

On June 24, 2014, Barker filed a second PCRA petition. On September 8, 2014, the PCRA court dismissed this petition. Barker appealed to this Court, which affirmed on June 30, 2015.

On August 14, 2015, Barker filed a third PCRA petition, the petition that is the focus of this appeal. Barker contended that his sentence is a mandatory minimum sentence that is unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa.2015). On August 26, 2015, the PCRA court issued a notice of intent to dismiss Barker's petition without a hearing. On September 22, 2015, the court dismissed Barker's petition. Barker filed a timely appeal to this Court, and both Barker and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 2502(c).

In this appeal, Barker argues that his sentence is unconstitutional under *Alleyne* and *Hopkins*. *Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Id*., 131 S.Ct. at 2160-61. *Hopkins* held that 18 Pa.C.S. § 6317, which required a mandatory minimum sentence if certain controlled substance crimes occurred within 1,000 feet of a school, was unconstitutional under *Alleyne*. Barker claims that his sentences for PWID and third degree murder are unconstitutional, because the court imposed these sentences without a jury and under a preponderance of the evidence standard.

We lack jurisdiction to review Barker's *Alleyne* argument under the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b). Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz,* 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Barker's judgment of sentence became final on October 8, 2010, the last day for filing a direct appeal to the Superior Court. The statute of limitations for filing a PCRA petition expired on Tuesday, October 11, 2011.[2]

---

[2] The statute of limitations expired on October 11, 2011 because October 8, 2011 fell on a Saturday; October 9, 2011 fell on a Sunday; and October 10,
*(Footnote Continued Next Page)*

- 4 -

The present PCRA petition, which was filed on August 14, 2015, is untimely on its face.

Nor do any of the exceptions in section 9545(b)(1)(i-iii) apply to this case. Barker does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(1)(i-ii) apply to his case. Furthermore, subsection (iii) does not apply, because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively. **See also Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super.2014) (**Alleyne** does not invalidate mandatory minimum sentence when presented in untimely PCRA petition).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2016


_(Footnote Continued)_ _____

2011 was a holiday (Columbus Day). **See** 1 Pa.C.S. 1908 ("whenever the last day of any [time] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").