J-S21025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DWAYNE HILL | |
| Appellant | No. 2235 EDA 2014 |

Appeal from the PCRA Order June 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0505682-1990

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 08, 2015**

Dwayne Hill appeals from an order denying his seventh petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

In 1992, Hill was convicted of second degree murder[1] and was sentenced to life imprisonment.  On March 10, 1993, this Court affirmed his judgment of sentence on direct appeal.   Hill did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.  Between 1994 and 2010, he filed six unsuccessful petitions for post-conviction relief.[2]  On July

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(b).

[2] Pa.R.A.P. 1925(a) Opinion, p. 1 n.1 (chronology of Hill's petitions).

5, 2012, Hill filed his seventh PCRA petition, the petition presently on appeal. On February 19, 2014, the PCRA court sent a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. Hill filed a response in opposition to the Rule 907 notice. On July 3, 2014, the PCRA court dismissed Hill's petition. Hill filed a timely notice of appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion without ordering Hill to file a concise statement of matters complained of on appeal.

Acting *pro se*, Hill raises three issues on appeal: (1) ***Miller v. Alabama***, -- U.S. --, 132 S.Ct. 2455 (2012), applies retroactively to his case; (2) the PCRA court erred in failing to appoint counsel to represent Hill in his seventh PCRA petition; and (3) the PCRA court failed to provide adequate notice of its intent to dismiss Hill's petition under Pa.R.Crim.P. 907.

No court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Hill's judgment of sentence became final on April 9, 1993, thirty days after this Court affirmed on direct appeal. *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review). He had one year from that date, *i.e.*, April 9, 1994, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He did not file his present PCRA petition until July 5, 2012, nineteen years after the

expiration of the PCRA time-bar. Thus, his PCRA petition is untimely on its face.

Nor does Hill satisfy any of the three exceptions to the one year statute of limitations. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Hill's argument that *Miller* applies retroactively to his case under section 9545(b)(1)(iii) is wrong. *Miller* held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S.Ct. at 2460 (emphasis added). Hill was twenty years old when he committed murder. Thus, *Miller* is facially inapplicable. *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super.2013), *appeal denied*, 81 A.3d 75 (Pa.2013); *Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa.Super.2014) ("*Miller* only addressed individuals who were juveniles when they committed the crime on which their current conviction is based ... "). Even if Hill had been under 18 when he committed his crime, our Supreme Court has held that *Miller* does not apply retroactively to life-term offenders, even juvenile offenders, proceeding under the PCRA. *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa.2013), *cert. denied*, 134 S.Ct. 2724 (2014).

Hill's remaining procedural arguments are equally groundless. He first argues that the PCRA court should have appointed counsel to represent him in his seventh PCRA petition. In a second or subsequent petition for collateral relief, the PCRA court should only appoint counsel when an unrepresented defendant satisfies the court that (1) he is unable to afford or

otherwise procure counsel, and (2) an evidentiary hearing is required under Pa.R.Crim.P. 908. ***See*** Pa.R.Crim.P. 904(b). An evidentiary hearing is unnecessary when there are no disputed factual issues. ***Commonwealth v. Carpenter***, 725 A.2d 154, 170 (Pa.1999). Hill fails to raise any genuine issues of material fact. He asks "whether he was a juvenile at the time of this incident,"[3] but he then admits that he was 20 years old at the time of the murder. He also asks whether ***Miller*** applies retroactively, but this obviously presents a question of law, not an issue of fact. Therefore, the PCRA court properly declined to appoint counsel for Hill.

Second, Hill argues that the PCRA court's Rule 907 notice of intent to dismiss his petition without a hearing was defective. We disagree.

Pa.R.Crim.P. 907(a) provides in relevant part:

> [T]he judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice …

---

[3] Brief For Appellant, p. 5.

- 5 -

*Id*. The PCRA court complied with all requirements of Rule 907. The notice of intent stated that the PCRA court intended to dismiss Hill's petition as untimely and gave Hill the requisite 20 days to respond. Hill filed a brief in opposition to the Rule 907 notice claiming that his petition was timely. The PCRA court ultimately dismissed Hill's petition several months later for lack of timeliness. There were no deficiencies in the Rule 907 notice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2015