J-S65042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS SESSA, III | |
| Appellant | No. 1137 EDA 2015 |

Appeal from the PCRA Order March 3, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005943-1992

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 24, 2015**

Appellant Louis Sessa appeals from the March 3, 2015 order of the Bucks County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. as untimely.  We affirm.

On March 10, 1993, Appellant pled guilty to murder, eight counts of robbery, two counts of possession of instrument of a crime, two counts of theft by unlawful taking or disposition, two counts of receiving stolen property, and eight counts of conspiracy.[1]  The trial court held a degree of guilt hearing and found Appellant guilty of second-degree murder.  The trial court imposed concurrent sentences of life imprisonment for the murder

---

[1] 18 Pa.C.S. §§ 2502, 3701, 907, 3921, 3925, and 903, respectively.

conviction and 10 to 20 years' imprisonment for the conspiracy conviction. Appellant did not file a direct appeal.

The PCRA court previously described the post-conviction procedural history as follows:

> On July 18, 1994, [Appellant] filed his first [PCRA petition]. Thereafter, on December 22, 1994, an evidentiary hearing was held and at the conclusion of the hearing Judge Garb denied [Appellant's] request for PCRA relief. . . . [O]n August 2, 1995, the Superior Court of Pennsylvania affirmed the denial of post-conviction relief and on December 28, 1995 the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. ***Commonwealth v. Sessa***, 668 A.2d 1197 (Pa. Super. 1995) (table), *appeal denied*, 670 A.2d 141 (Pa. 1995).
>
> On March 7, 2002, [Appellant] filed his second PCRA petition. On May 3, 2002 [the Court of Common Pleas of Bucks County] dismissed [Appellant's] petition without a hearing on the basis of untimeliness. [Appellant] appealed, and on February 21, 2003, the Superior Court of Pennsylvania vacated the order and remanded . . . . On February 10, 2005, [the PCRA court] ultimately dismissed [Appellant's] second PCRA petition and [Appellant] appealed. The Superior Court of Pennsylvania quashed [Appellant's] appeal as untimely . . . and [opined] that the PCRA court did not have jurisdiction to entertain its merits. The Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. ***Commonwealth v. Sessa***, 903 A.2d 1233 (Pa. 2006) (*per curiam*).
>
> \* \* \* \*
>
> [O]n March 25, 2008, [Appellant] filed a Petition for Writ of Habeas Corpus ad Subjiciendum in [the trial court] . . . . On May 28, 2008, [the trial court] denied the petition without a hearing for failure to state a claim . . . . The Superior Court of

Pennsylvania affirmed [the trial court's] decision on March 3, 2009 and the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. ***Commonwealth v. Sessa***, 972 A.2d 561 (Pa. Super.)

(table), 980 A.2d 607 (Pa. 2009) (*per curiam*) (some citations omitted).

[Trial Court Opinion, 7/30/2010 (unpaginated)]

\* \* \* \*

On May 1, 2012, [Appellant] filed [a] "Motion for Post Conviction Collateral Relief" and [a] "Supplemental Post Conviction Collateral Relief Petition this Courts [*sic*] Jurisdiction Pursuant to 42 Pa.C.S. § 9543 *et. seq.*," his fifth PCRA petition. On June 6, 2012, [the PCRA court] issued an Order for Answer on the Commonwealth. On June 14, 2012, the Commonwealth filed an Answer. On June 27, 2012, [Appellant] filed "Petitioner's Objections to Commonwealth [*sic*] Motion to Dismiss P.C.R.A. Petition Without a Hearing."

On July 9, 2012, [the PCRA court] issued a Notice of Intent to Dismiss. On July 19, 2012, [Appellant] filed "Motion for Extension of Time for Production of Record to Support Response of Intent to Dismiss Petition without Hearing," which [the PCRA court] granted on July 23, 2012 and extended [Appellant's] filing period until August 17, 2012. On July 27, 2012, [Appellant] filed "Petitioner's Response to Courts [*sic*] intent to Dismiss Petition without a Hearing." On August 24, 2012, [the PCRA court] dismissed [Appellant's] petition. On August 31, 2012, [Appellant] filed "Motion for Reconsideration of This Courts [*sic*] Order of 8/31/2012, Denying P.C.R.A. Petition," which [PCRA court] denied on September 24, 2012. On September 24, 2012, [Appellant] filed a Notice of Appeal and a "Concise Statement of Matters Complained of on Appeal."

PCRA Court Opinion ("P.C.O."), 12/19/2012, at 1-7 (citations modified). The

PCRA court denied Appellant's PCRA Petition as untimely under 42 Pa.C.S. §

9545(b), and this Court affirmed.

On December 1, 2014, Appellant filed another PCRA petition. On January 28, 2015, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a response on February 11, 2015. On March 3, 2015, the PCRA court denied the petition. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

1. Did the [PCRA] court err, and commit reversible error when it dismissed [A]ppellant's petition without the benefit of [a] properly conducted evidentiary hearing to determine the credibility of the presented statement(s) that led to filing of the said petition, and therefore being able to render a fully informed legal opinion?

2. Did the [PCRA] court err, and commit reversible error when it failed to recognize a timely presented motion to the court that was pertinent to the due process of the law with[] regards to final disposition of [PCRA] petition?

3. Did the Commonwealth's attorney perpetrate a knowing fraud upon the court when [he] failed to disclose discoverable material to the defense, that it presented to the court at suppression and at trial, and knew was inherently false in nature?

4. Did the Commonwealth's prosecuting attorney err, and commit reversible error, when it permitted knowing false testimony to remain on the record uncorrected, when it was presented at a criminal suppression hearing and trial, as well as, during appellate post collateral proceedings, impeding justice and perpetrating a knowing fraud upon the judiciary?

5. Did the [PCRA] court err, and commit reversible error when it omitted facts of record upon which appellant's claims are predicated and completely failed to address

claims of appellant that are properly preserved and presented to the court for review?

Appellant's Brief at iii.

Before reaching the merits of Appellant's claims, we must determine whether he timely filed this PCRA petition. Pursuant to Pennsylvania law, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's statute of limitations exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. *Monaco*, 996 A.2d at 1079; 42 Pa.C.S. § 9545(b)(1). The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  When invoking an exception outlined above, the petition must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant was sentenced in 1993.  As Appellant concedes, his December 1, 2014 PCRA petition is facially untimely.  Appellant claims he has satisfied two exceptions to the PCRA time-bar – the newly-discovered evidence exception and the government interference exception.  *See* Appellant's Brief at v.  He alleges that in October of 2014, he obtained a copy of his co-defendant's guilty plea transcript and maintains this transcript constitutes newly-discovered evidence.  *Id.* at 2.  He further alleges the Commonwealth failed to produce the transcript, as it allegedly was required to do.  *Id.*  The co-defendant's guilty plea proceedings occurred on March 10, 1993, the day before Appellant's suppression hearing.  PCRA Petition, 10/2/2014, at 6-7; Docket at 4 of 30, *Commonwealth v. Sessa*, CP-09-0005943-1992 (C.P.Bucks); Docket at 4 of 27, *Commonwealth v. Dyson*, CP-09-CR-0005936-1992 (C.P.Bucks) ["Dyson Docket"].  The transcript of his co-defendant's guilty plea hearing was made public on March 31, 1994.  *See* Dyson Docket at 6 of 27 (notes of testimony filed 3/31/1994).

To establish the newly-discovered evidence exception to the PCRA time-bar, the petition must allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).

The Supreme Court of Pennsylvania has found that information is not "unknown" for purposes of the newly-discovered evidence exception to the PCRA time-bar where the information was a "matter of public record." *Commonwealth v. Chester*, 895 A.2d 520, 522-23 (Pa.2006). This presumption of access, however, does not apply where the petitioner is a *pro se* prisoner at the time the information became public. *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super.2015) (*en banc*). Further, this Court has recently held that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super.2015) (*en banc*).

Appellant relies on *Burton*, to support his claim that his PCRA petition is timely. Reply Brief at 1-3. He argues that as an incarcerated *pro se* petitioner, he is not presumed to have access to public records, including the transcript. *Id.* at 2. In *Burton*, this Court found the appellant was entitled to an evidentiary hearing where he filed his PCRA petition within 60 days of receiving information that his co-defendant had filed a motion to expunge his criminal record. The motion to expunge averred that the co-defendant

killed the victim in self-defense and that Appellant was innocent. 121 A.3d at 1066. We found that the appellant in **Burton** may have acted diligently and found the presumption of access to public records did not apply to incarcerated *pro se* petitioners without evidence demonstrating the petitioner had access to the information. **Id.** at 1073. We noted the appellant's co-defendant filed the motion to expunge 10 years after the appellant's conviction became final and "it would not be reasonable to expect Appellant to investigate public records with sufficient regularity to ascertain quickly whether [the co-defendant] may have disclosed potentially exculpatory information." **Id.** We further noted the co-defendant's silence at trial "eliminated any reasonable expectation that he would, thereafter, publicly acknowledge his guilt." **Id.**

Here, Appellant maintains the testimony of the arresting officer regarding the officer's interview of Appellant changed between his co-defendant's plea proceeding and Appellant's suppression hearing the following day. Appellant's Brief at 1-2. Appellant was represented by counsel in March 1993, at the time of his co-defendant's guilty plea. Although it appears he did not have counsel in March 1994, when the transcript of the co-defendant's proceeding was docketed, the court appointed counsel on July 22, 1994 to represent Appellant in PCRA proceedings. Appellant's counsel would have had access to co-defendant's guilty plea transcript, which was a public document. Because Appellant did not file his PCRA petition within 60 days of March 1993 or within 60 days of

appointment of counsel in July 1994,[2] he fails to establish he acted with reasonable diligence.[3]  Therefore, the newly-discovered evidence exception to the PCRA time-bar does not provide relief.

Appellant also maintains his petition qualifies under the government interference exception to the PCRA time-bar.  Appellant Brief at v.  To establish the government-interference exception a petitioner must allege and prove:  "(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."  42 Pa.C.S. § 9545(b)(1)(i).  "Although a *Brady*[4] violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due

---

[2] Appellant also failed to raise any claim related to the transcript at the December 22, 1994 evidentiary hearing and his counsel did not file an amended PCRA petition.

[3] Further, from review of the portion of co-defendant's guilty plea transcript attached to Appellant's PCRA petition and attached to Appellant's brief, Appellant has not established that any police officer testimony materially differed from the police officer testimony provided at the suppression hearing.

[4] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

diligence."[5]  ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa.2008).  As discussed above, Appellant could have discovered the transcript of his co-defendant's guilty plea with reasonable diligence in July 1994, at the latest.  Because he failed to raise any claim based on the transcript within 60 days of July 1994, Appellant fails to establish the government interference exception to the PCRA time-bar.

The PCRA court did not err in denying Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2015

---

[5] Appellant also bases his ***Brady*** claim on an allegation that the Commonwealth did not produce notes from a police interview and that the PCRA court did not investigate whether his co-defendant received favorable treatment in exchange for waiving his right to a jury trial for the penalty phase.  Appellant's Brief at 2.  Appellant, however, fails to establish when he discovered the notes and fails to establish the Commonwealth failed to produce the notes.