J-A34043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEVEN ANDREW VONEIDA | |
| Appellant | No. 1608 MDA 2014 |

Appeal from the PCRA Order August 22, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003356-2007

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 05, 2016**

Appellant Steven Andrew Voneida appeals from the order of the Dauphin County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. We affirm.

On January 14, 2008, following a bench trial, the trial court found Appellant guilty of persons not to possess firearms.[1] On March 18, 2008, the trial court sentenced Appellant to three to ten years' incarceration. On August 6, 2009, this Court affirmed the judgment of sentence. Appellant did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

---

[1] 18 Pa.C.S. § 6105(a)(1).

On February 23, 2010, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a **Turner/Finley**[2] no merit letter. Appellant filed objections to the motion to withdraw. On November 1, 2010, the PCRA court issued notice of its intent to dismiss the PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On December 6, 2010, the PCRA court appointed new counsel. On February 7, 2011, new counsel filed a motion to withdraw and a **Turner/Finley** no merit letter. Appellant filed objections. On March 7, 2011, the PCRA court dismissed the PCRA petition without a hearing, but did not issue an order addressing the motions to withdraw. Appellant filed a timely notice of appeal and this Court vacated the PCRA court's order and remanded for a determination as to counsels' motions to withdraw.

Following remand, the PCRA court granted the motions to withdraw and issued a notice of intent to dismiss the PCRA petition without a hearing. Appellant filed a *pro se* amendment. On July 30, 2012, the PCRA court denied Appellant's petition. This Court affirmed. The Supreme Court denied Appellant's petition for allowance of appeal on March 26, 2014 and denied his application for reconsideration on April 25, 2014.

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1998) (en banc).

In April and/or June of 2014, Appellant filed a document treated as a second PCRA petition and a motion to amend a second PCRA petition.[3] On July 28, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition and denied the motion to amend. On August 18, 2014, Appellant filed a motion for extra time to respond to the court's notice of intent to dismiss. On August 22, 2014, the PCRA court denied Appellant's motion for extra time to respond and dismissed the PCRA petition as untimely. Appellant filed a timely notice of appeal.[4]

Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following questions on appeal:

> A. Did the [t]rial [c]ourt err when it found that [Appellant] had not raised any claims for relief in [his] second PCRA petition?

---

[3] A document dated June 11, 2014 and filed June 16, 2014 was entitled "Motion for Leave to Amend and Supplement The Defendant's Second PCRA Petition," and had the amended petition attached to the motion. A prior letter to the Honorable Andrew J. Dowling dated March 24, 2014 and received April 10, 2014, referenced the Superior Court case **Commonwealth v. Hale**, 85 A.3d 570, 585 (Pa.Super.2014), **petition for allowance of appeal granted at**, 113 A.3d 1228 (Pa.2014). The trial court responded to this letter informing Appellant it lacked jurisdiction because his appeal was pending in the Supreme Court of Pennsylvania.

[4] On October 24, 2015, the trial court issued a second order also dismissing Appellant's second PCRA petition. Appellant filed a notice of appeal of this order, which was docketed at 1876 MDA 2014. In response from an order from this Court, the trial court responded that the October order was redundant. This Court then dismissed the second appeal, as it was duplicative of the current appeal.

B. Did the [t]rial [c]ourt err when it denied [Appellant's] leave to amend [his] second PCRA petition?

C. Did the [t]rial [c]ourt err when it found that [Appellant's] second PCRA petition was untimely?

D. Did the [t]rial [c]ourt have jurisdiction when it dismissed [Appellant's] PCRA petition on October 24, 2014?

Appellant's Brief at 4.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's statute of limitations exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with

the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a PCRA time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on September 7, 2009, when the time to seek review by the Supreme Court of Pennsylvania expired.[5] He had one year from that date, i.e., September 7, 2010, to file a

---

[5] Appellant had 30 days from the date this Court affirmed his judgment of sentence to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 113(a) ("Except as otherwise prescribed by this rule, a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). Thirty days from August 6, 2009, the date this Court affirmed Appellant's judgment of sentence, was Saturday, September 5, 2009. Appellant had until Monday, September 7, 2009 to appeal to the Supreme Court of Pennsylvania. 1 Pa.C.S. § 1908 (When last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation"); Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules . . . .").

timely PCRA petition. Therefore, his current petition, filed in April or June of 2014, is facially untimely.

Appellant attempts to invoke the government interference exception. Appellant maintains he attempted to raise the claims in his first PCRA petition, but the PCRA court interfered because it permitted PCRA counsel to withdraw and because it denied Appellant leave to amend the first PCRA petition. He further maintains this Court interfered because we affirmed the PCRA court. Appellant's Brief at 19. However, Appellant was granted time to respond to counsel's **Turner/Finley** letter. The PCRA court appointed a second PCRA counsel, who also filed a **Turner/Finley** letter, and Appellant was again permitted to respond to the letter. Accordingly, the PCRA court afforded Appellant numerous opportunities to present his claims and did not interfere with his ability to do so. Appellant, therefore, fails to establish the government interference exception to the PCRA time-bar.[6]

_____

[6] This Court recently held that a juvenile adjudication was not a conviction and the adjudication could not be used to grade a person not to possess a firearm offense as a second-degree felony under 6105(a.1)(1). **Commonwealth v. Hale**, 85 A.3d 570, 585 (Pa.Super.2014), **petition for allowance of appeal granted at**, 113 A.3d 1228 (Pa.2014). However, this Court did not conduct a constitutional analysis, the decision was not issued by the Supreme Court of Pennsylvania or the Supreme Court of the United States, and the holding has not be found to apply retroactively to cases on collateral appeal. Further, judicial determinations are not new fact for purposes of the PCRA time-bar. **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa.2011). Accordingly, Appellant fails to establish any PCRA time-bar exception applies.

The PCRA court did not err when it dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016