J-S33032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD H. KIEHLMEIER | |
| Appellant | No. 1567 WDA 2015 |

Appeal from the PCRA Order September 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003208-2012;
CP-25-CR-0003217-2012

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 15, 2016**

Appellant, Donald H. Kiehlmeier, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which denied his first petition filed under the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows. On September 11, 2012, while he was on state parole, Appellant was involved in two collisions, both of which Appellant initiated by ramming his vehicle into two different occupied cars.  One of the cars was a police vehicle.  While attempting to flee, police stopped Appellant, who first refused to obey police orders to get out of his car and then fought and kicked one officer while he was trying to arrest Appellant.  These events occurred after

_____

*Former Justice specially assigned to the Superior Court.

Appellant had consumed enough alcohol to render him incapable of safe driving. Appellant refused to submit to breath or blood testing. On December 20, 2012, Appellant pled guilty at Docket No. 3208-2012 to one count each of aggravated assault, resisting arrest, and possession of a small amount of marijuana and at Docket No. 3217-2012 to one count of DUI (related to the events at the companion docket number). Appellant was sentenced on February 13, 2013, to an aggregate term of sixty-one (61) to one hundred fifty (150) months' incarceration, with credit for time served. Appellant filed no post-sentence motion or direct appeal. Thus, the judgment of sentence became final for purposes of the PCRA on March 15, 2013.

On September 14, 2014, Appellant *pro se* filed what he called a motion to modify and reduce his sentence *nunc pro tunc*. The court properly treated Appellant's motion as a PCRA petition but did not appoint counsel to represent Appellant. Instead, the court issued notice of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907, as untimely. Appellant failed to respond to the Rule 907 notice, and the court dismissed the petition on October 10, 2014. Four days later, Appellant filed an "amended PCRA petition" on October 14, 2014, which the court also dismissed on October 22, 2014. On Monday, November 10, 2014, Appellant timely filed an appeal. By judgment entered on June 15, 2015, this Court vacated the order dismissing Appellant's petition and remanded the case for the appointment

of counsel to represent Appellant on his first PCRA petition.

The PCRA court appointed counsel on June 23, 2015. Counsel filed a motion to withdraw and a "no-merit" letter on August 18, 2015, pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel concluded Appellant had no colorable claims for PCRA relief. The court again issued Rule 907 notice and granted counsel's motion to withdraw on August 24, 2015. Appellant filed a *pro se* response to the court's Rule 907 notice, docketed September 10, 2015, in which he claimed he had a plea agreement for 6 to 9 months' incarceration that plea counsel failed to present or pursue. Appellant also claimed he had obtained a toxicology report on a urine sample, taken the day after the incident, which stated Appellant had no alcohol in his system at the time the sample was taken. Appellant asked the court to order counsel to file a motion to modify his sentence and a motion to withdraw his plea. (**See** Motion in Objection, filed 9/10/15, at 1-3.) On September 17, 2015, the court denied Appellant's PCRA petition. Appellant timely filed a *pro se* notice of appeal on October 2, 2015 (prisoner mailbox rule) which was docketed on October 5, 2015. The court did not order Appellant to file a concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises the following issues on appeal:

> WHETHER A FUNDAMENTAL ERROR AND MISCARRIAGE OF JUSTICE HAS CAUSED AN INNOCENT MAN TO PLEAD

GUILTY TO A CRIME WITHOUT EVIDENCE OR NOT THEREOF?

WHETHER [THE] COURT MUST ALLOW [APPELLANT TO] WITHDRAW [HIS] GUILTY PLEA BECAUSE OF COUNSEL'S FAILURE TO CONSULT WITH HIS CLIENT?

(Appellant's Brief at vii).

As a preliminary matter, we must determine whether Appellant timely filed his current PCRA petition. **Commonwealth v. Harris**, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Bretz**, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provision in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, the court sentenced Appellant on February 13, 2013. Appellant did not file for further review, although he says he wanted to file post-sentence motions and an appeal. Thus, Appellant's judgment of sentence became final on March 15, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his first PCRA petition on September 12, 2014, more than one year after his judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1); *Bretz, supra*. Accordingly, Appellant's petition was patently untimely. Moreover, throughout the PCRA proceedings, Appellant raised claims related to counsel's stewardship during the plea process and to the

length of his sentence. Even with the assistance of PCRA counsel, however, Appellant was unable to plead and prove any cognizable exception to the PCRA timeliness requirements. **See** 42 Pa.C.S.A. § 9545(b)(1). Accordingly, Appellant's petition remains time-barred; and the PCRA court properly dismissed it. **See Robinson, supra**.

     Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016