J-S24032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMEY C. ROBERTSON | |
| Appellant | No. 921 MDA 2015 |

Appeal from the PCRA Order April 21, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001791-2002

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 13, 2016**

Appellant, Jamey C. Robertson, appeals from the order entered in the Lebanon County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm and deny Appellant's open *pro se* motion for "equal rights under the law."

The relevant facts and procedural history of this case are as follows. On October 17, 1999, Appellant entered a pizza shop, demanded money, and repeatedly stabbed an employee.  A jury convicted Appellant on August 7, 2003, of criminal attempt—homicide, aggravated assault, robbery, possessing an instrument of crime, and recklessly endangering another person.  The court sentenced Appellant on September 17, 2003, to an

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

aggregate term of thirty to sixty years' imprisonment. This Court affirmed the judgment of sentence on April 26, 2005. *See Commonwealth v. Robertson*, 874 A.2d 1200 (Pa.Super. 2005).

Appellant timely filed his first PCRA petition *pro se* on April 28, 2006. The PCRA court appointed counsel, who filed several amended petitions. A hearing was held on October 9, 2007, and the PCRA court denied Appellant's petition on June 30, 2008. This Court affirmed on September 16, 2009, and our Supreme Court denied allowance of appeal on April 12, 2010. *See Commonwealth v. Robertson*, 986 A.2d 1263 (Pa.Super. 2009), *appeal denied*, 606 Pa. 648, 992 A.2d 888 (2010).

On March 9, 2015, Appellant filed *pro se* the current PCRA petition. The PCRA court issued Rule 907 notice on March 26, 2015, and dismissed Appellant's petition on April 21, 2015. Appellant timely filed on May 18, 2015, a *pro se* notice of appeal. On June 4, 2015, the PCRA court ordered Appellant to file a Rule 1925(b) statement. Appellant failed to comply with the PCRA court's order, and instead filed a *pro se* request to withdraw his current PCRA petition. The PCRA court entered an order on June 30, 2015, which deemed all of Appellant's issues waived for failure to comply with the Rule 1925(b) order.

Appellant raises the following issue for our review:

> THE [PCRA] COURT'S DENIAL OF [APPELLANT'S] 2^(ND) PCRA CLAIMS REQUESTING RESENTENCING, MODIFICATION AND RECONSIDERATION OF THE SENTENCE, IS IN ERROR.

(Appellant's Brief at 6).

- 2 -

As a preliminary matter, we must determine whether Appellant timely filed his PCRA petition. *Commonwealth v. Harris*, 972 A.2d 1196 (Pa.Super. 2009), *appeal denied*, 603 Pa. 684, 982 A.2d 1227 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Bretz*, 830 A.2d 1273 (Pa.Super. 2003). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 3 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a petitioner asserting a timeliness exception must file a petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on May 26, 2005. Appellant filed his current petition on March 9, 2015, almost 10 years later; thus, the petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Sections 9545(b)(1)(ii) and (iii), contending the court failed to consider mitigating factors and imposed a sentence outside the guidelines,[2] which is illegal pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S.

---

[2] **See Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super. 2007) (stating challenges to discretionary aspects of sentencing are not cognizable under PCRA).

- 4 -

___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). *See* 42 Pa.C.S.A. § 9545(b)(1)(iii). Nevertheless, *Alleyne* is not implicated in Appellant's sentence, as the court did not impose any mandatory minimums. Thus, the PCRA court properly dismissed Appellant's petition.

Moreover, "to preserve their claims for appellate review, appellants must comply whenever the [PCRA] court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Here, Appellant failed to comply with the PCRA court's Rule 1925(b) order. Therefore, Appellant's claim would be waived in any event. *See id.* Accordingly, we affirm the PCRA court's order and deny Appellant's *pro se* motion.

Order affirmed; Appellant's *pro se* motion is denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016

- 5 -