J-S30042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN SCHRAGGER | |
| Appellant | No. 2565 EDA 2015 |

Appeal from the PCRA Order August 11, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001091-2004
CP-39-CR-0003747-2003
CP-39-CR-0003748-2003

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 24, 2016**

Benjamin Schragger appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA").  We affirm.

On August 23, 2004, Schragger pled guilty in three consolidated cases to rape, involuntary deviate sexual intercourse, indecent assault and corruption of minors.[1]  On February 16, 2005, the court imposed an aggregate sentence of 31¼ - 62½  years' imprisonment.  Schragger did not move to withdraw his guilty plea or file a direct appeal.

On April 14, 2015, Schragger filed a PCRA petition alleging that his sentence is a mandatory minimum sentence that is unconstitutional under

_____

[1] 18 Pa.C.S. §§ 3121(c), 3123(a)(7), 3126(a)(8), and 6301(a), respectively.

*Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa.2015). The PCRA court appointed counsel to represent Schragger. On May 27, 2015, counsel moved to withdraw and filed a "no merit" letter advising that Schragger was not entitled to PCRA relief. Counsel served Schragger with a copy of the "no merit" letter and motion to withdraw. On June 18, 2015, the PCRA court filed a notice of intent to dismiss Schragger's PCRA petition and mailed this notice to Schragger. On August 12, 2015, the PCRA court dismissed Schragger's PCRA petition and denied counsel's motion to withdraw as moot due to the dismissal of the PCRA petition.[2] Schragger filed a timely *pro se* notice of appeal to this Court. On August 31, 2015, the PCRA court ordered Schragger to file a Pa.R.A.P. 1925(b) statement on or before September 21, 2015. On September 22, 2015, 22 days later, Schragger filed his Pa.R.A.P. 1925(b) statement. On September 23, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

In this appeal, Schragger argues that his sentence is unconstitutional under *Alleyne* and *Hopkins*. *Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved

---

[2] Schragger does not object to counsel's motion to withdraw or "no merit" letter in this appeal. Based on our Supreme Court's instruction to avoid raising these matters *sua sponte*, we will refrain from examining these issues. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009).

beyond a reasonable doubt. *Id*., 131 S.Ct. at 2160-61. *Hopkins* held that 18 Pa.C.S. § 6317, which required a mandatory minimum sentence if certain controlled substance crimes occurred within 1,000 feet of a school, was unconstitutional under *Alleyne*. Schragger claims that his sentences are unconstitutional mandatory minimum sentences because the court imposed them without a jury and under a preponderance of the evidence standard.

The PCRA court lacked jurisdiction to review Schragger's *Alleyne* argument under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b). Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

- 3 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Schragger's judgment of sentence became final on March 18, 2005, his last day to file a direct appeal to the Superior Court. The statute of limitations for filing a PCRA petition expired on Monday, March 20, 2006.[3] The present PCRA petition, which was filed on April 14, 2015, nine years after expiration of the statute, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Schragger does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(i-ii) apply to his case.

_____

[3] The statute of limitations expired on March 20, 2006 because March 18, 2006 fell on a Saturday. **See** 1 Pa.C.S. 1908 ("whenever the last day of any [time] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

- 4 -

Subsection (iii) does not apply because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively.   **See also Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super.2014) (**Alleyne** does not invalidate mandatory minimum sentence when presented in untimely PCRA petition).[4]

Order affirmed.  PCRA counsel granted leave to withdraw.[5]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016

---

[4] Because the PCRA court lacked jurisdiction to review Schragger's PCRA petition, we need not address whether Schragger waived his **Alleyne** argument by filing his Pa.R.A.P. 1925(b) statement beyond the 21-day deadline in the PCRA court's August 31, 2015 order.

[5] As noted above, the PCRA court denied counsel's motion to withdraw as moot due to its dismissal of the PCRA motion.  In our view, the PCRA court should have granted counsel's motion to make clear that counsel was not required to represent Schragger in this appeal or any subsequent proceedings.  Accordingly, we now grant PCRA counsel leave to withdraw from this case.