J-S47020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD STUART KAMARER | |
| Appellant | No. 1594 MDA 2015 |

Appeal from the Order Entered July 15, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000696-2005

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JUNE 09, 2016**

Ronald Kamarer appeals from an order dismissing his petition under the Post Conviction Relief Act ("PCRA"), which he styled as a habeas corpus petition.  We affirm.

On December 12, 2006, Kamarer pled guilty to possession with intent to deliver a controlled substance ("PWID")[1] and other drug-related offenses. On May 16, 2007, the court sentenced Kamarer to 5-10 years' imprisonment for PWID; it did not impose any further sentence on the other charges.  The court stated in its sentencing order that Kamarer's sentence for PWID was a mandatory minimum.  On May 25, 2007, Kamarer filed a motion to modify his sentence.  On May 30, 2007, the court denied his post-sentence motion.

_____

[1] 35 P.S. § 780-113(a)(30).

Kamarer filed a direct appeal, and this Court affirmed on July 10, 2008. Kamarer filed a petition for allowance of appeal, which the Supreme Court denied on May 6, 2009. Kamarer did not appeal to the United States Supreme Court, so his sentence became final on August 4, 2009.

In 2010, Kamarer filed a timely PCRA petition. The PCRA court appointed counsel to represent Kamarer but ultimately denied the petition after a hearing. On September 30, 2011, this Court affirmed.

On November 10, 2014, Kamarer filed a PCRA petition alleging that his mandatory minimum sentence was unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and requesting appointment of counsel. On December 9, 2014, the PCRA court denied Kamarer's request for the appointment of counsel and directed him to file a supplemental petition within thirty days. Kamarer did not comply with this order. On February 9, 2015, the court filed an opinion and order stating its intent to dismiss Kamarer's petition without a hearing. On March 30, 2015, the court dismissed Kamarer's PCRA petition.

On June 18, 2015, Kamarer filed what he labeled a "habeas corpus" petition, again claiming that his sentence was unconstitutional under *Alleyne*. On July 15, 2015, the court filed an opinion and order dismissing Kamarer's petition. Kamarer filed a timely appeal from this order, and both Kamarer and the court complied with Pa.R.A.P. 1925.

- 2 -

In this appeal, Kamarer argues that the court erred in dismissing his "habeas corpus" petition because his sentence was unconstitutional under *Alleyne*. At the outset, we agree with the PCRA court that it properly treated Kamarer's petition as a PCRA petition instead of a habeas corpus petition. The PCRA provides: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S.A. § 9542. Thus, where a petitioner's claim is cognizable under the PCRA, the petitioner must proceed thereunder. *Commonwealth v. Taylor*, 65 A.3d 462, 465–66 (Pa.Super.2013). A court must treat such a petition as a PCRA petition regardless of its title. *Id.*

This Court has held that *Alleyne* claims implicate the legality of a sentence. Accordingly, Kamarer's *Alleyne* argument is cognizable under the PCRA, not under habeas corpus law. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa.Super.2014) (en banc); *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa.Super.2015) (*Alleyne* claim is challenge to legality of sentence; petitioner could raise *Alleyne* in timely filed PCRA petition where his direct appeal was still pending when *Alleyne* was decided).

*Alleyne* held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable

doubt. **Id**., 131 S.Ct. at 2160-61. Kamarer claims that his sentence is an unconstitutional mandatory minimum sentence because the court imposed sentence without a jury and under a preponderance of the evidence standard.

The PCRA court lacked jurisdiction to review Kamarer's **Alleyne** argument under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b). Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The court cannot excuse the late filing of a PCRA petition unless the petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking one or more of these exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Kamarer's judgment of sentence became final on August 4, 2009, his last day to appeal to the United States Supreme Court. The statute of limitations for filing a PCRA petition expired on August 4, 2010. The present PCRA petition, filed on June 18, 2015, almost five years after expiration of the statute, is untimely on its face.

Nor does any exception in section 9545(b)(1)(i-iii) apply to this case. Kamarer does not allege that the government interference or newly acquired evidence exceptions in subsections (b)(1)(i-ii) apply to his case. Subsection (b)(1)(iii) does not apply, because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super.2014) (*Alleyne* does not apply retroactively to untimely PCRA petition).

For these reasons, the court properly dismissed Kamarer's petition seeking relief under *Alleyne*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2016