J-S38038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERWIN FERGUSON, JR. | |
| Appellant | No. 3257 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000340-2001

BEFORE: FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JULY 06, 2016**

Appellant Erwin Ferguson, Jr. appeals from the order of the Court of Common Pleas of Monroe County dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 5, 2002, Appellant entered a plea of nolo contendere to criminal homicide.[1] On May 30, 2002, the trial court sentenced Appellant to 15 to 30 years' imprisonment. Appellant did not file a notice of appeal.

On June 19, 2003, Appellant filed his first PCRA petition. The PCRA court denied the petition, and this Court affirmed. The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

---

[1] 18 Pa.C.S. § 2501.

On January 22, 2007, Appellant filed his second PCRA petition. The PCRA court dismissed the petition, and this Court affirmed.

On August 12, 2015, Appellant filed the instant PCRA petition, his third. On September 1, 2015,[2] the PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On September 21, 2015,[3] Appellant filed a "*Pro Se Response to Notice of Disposition Without Hearing.*" On September 30, 2015, the PCRA court issued an order denying the PCRA petition. On October 22, 2015, Appellant filed a notice of appeal.

On October 27, 2015, the PCRA court issued an order requiring Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant did not file a 1925(b) statement. On December 15, 2015, the PCRA court issued its 1925(a) statement.

_____

[2] The notice of intent issued by the PCRA court was dated August 31, 2015, but stamped as docketed on September 1, 2015.

[3] The postage on the envelope in which Appellant mailed the response was dated September 21, 2015. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super.2011) ("in the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").

Appellant claims the PCRA court erred by dismissing his PCRA petition as untimely.[4] He claims he filed his petition within 60 days of **Commonwealth v. Hopkins**,[5] which, he argues, applies to the facts of his case.

Appellant failed to file a 1925(b) statement and, therefore, has waived his claims raised on appeal. **See** Pa.R.A.P. 1925(b)(vii) ("Issues not included in the [1925(b)] Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Moreover, even if Appellant had preserved his issue, he is not entitled to relief because his petition is untimely. Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa.1997)).

Before addressing the merits of a PCRA petition, we first determine whether the petition is timely. The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date

---

[4] Appellant's brief does not contain a statement of questions presented as required by Pennsylvania Rule of Appellate Procedure 2116; however, his issue is clear from the remainder of his brief.

[5] 117 A.3d 247 (Pa.2015).

the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord**

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010);

**Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. To establish that an exception to the PCRA time-bar applies, a petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking an exception to the PCRA time-bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on July 1, 2002, when the time to seek review by this Court expired.[6] He had one year from that date, i.e., July 1, 2003, to file a timely PCRA petition. Therefore, his current petition, filed on August 12, 2015, is facially untimely.

Appellant maintains he has established the newly discovered fact exception to the PCRA time bar, because the Pennsylvania Supreme Court did not issue a decision in **Hopkins** until June 15, 2015.[7] However, case

_____

[6] Appellant had 30 days from entry of the judgment of sentence on May 30, 2002 to file a direct appeal. Pa.R.A.P. 903(a). Thirty days from May 30, 2002, was Saturday, June 29, 2002. Therefore, Appellant had until Monday, July 1, 2002, to file a direct appeal. 1 Pa.C.S. § 1908 (When last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation"); Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules . . . .").

[7] In **Hopkins**, the Supreme Court of Pennsylvania found that pursuant **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013), the mandatory minimum sentencing scheme set forth in 18 Pa.C.S. § 6317 ("Drug-free school zones") was unconstitutional in its entirety. **See Hopkins**, 117 A.3d at 262. The appellant in **Hopkins** had filed a direct appeal, as his sentence was not final at the time the Supreme Court of the United States issued its decision in **Alleyne**.

Appellant was not sentenced pursuant to any mandatory minimum. **See** Pennsylvania Commission on Sentencing Automatic Guideline Form. Rather, Appellant argues that the Court relied on facts contained in his pre-sentence report ("PSI") report that were not submitted to the jury. Appellant's Brief
*(Footnote Continued Next Page)*

decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii).[8]
***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super.2013).
Accordingly, Appellant has failed to allege and prove any exception to the
PCRA time bar, and the PCRA court properly dismissed his third PCRA
petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

*(Footnote Continued)* ———————————

at 2-3. ***Hopkins*** and ***Alleyne*** bar the imposition of mandatory minimum
sentences based on facts that were not found by a jury. They do not
preclude the use of a PSI report to determine an appropriate sentence.

[8] Further, Appellant's PCRA petition does not qualify for the new
constitutional right exception to the PCRA time bar. Neither the United
States Supreme Court nor the Pennsylvania Supreme Court has determined
that ***Alleyne*** and ***Hopkins*** apply retroactively to those whose sentences
were final prior to their issuance. ***Commonwealth v. Miller***, 102 A.3d 988,
995 (Pa.Super.2014); ***cf. Hopkins***, 117 A.3d at 262. Therefore, Appellant's
PCRA petition does not qualify for the new constitutional right exception to
the PCRA time bar. ***Miller***, 102 A.3d at 905.