J-S47022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL EDWARD SILUK, JR. | |
| Appellant | No. 1887 MDA 2015 |

Appeal from the Order Entered September 2, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004194-2001
CP-22-CR-0004196-2001
CP-22-CR-0004197-2001
CP-22-CR-0004198-2001
CP-22-CR-0004199-2001

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 09, 2016**

Michael Siluk appeals from an order denying his petition for clarification of sentence.  We treat this as a PCRA petition, and we affirm.

In September 2001, Siluk was arrested for sexually assaulting several prostitutes.  Following a four-day trial, Siluk was found guilty of four counts of rape, two counts each of aggravated indecent assault, aggravated assault, and robbery, and one count each of involuntary deviate sexual intercourse, sexual assault, and simple assault.[1]  On February 20, 2003, the trial court

_____

[1] 18 Pa.C.S. §§ 3121, 3125, 2702, 3701, 3123, 3124.1, and 2701, respectively.

1

imposed an aggregate sentence of 621 months to 1260 months' imprisonment. This Court affirmed Siluk's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on January 15, 2005.

On October 12, 2005, Siluk filed a timely PCRA petition. On January 30, 2006, the PCRA court dismissed the petition, and on March 6, 2007, this Court affirmed. Siluk did not file a petition for allowance of appeal in the Supreme Court. Additionally, Siluk filed multiple unsuccessful requests for post-conviction relief in December 2005, January 2006, April 2007, May 2008, March 2010 and December 2011.

Siluk argued in his December 2011 petition that (1) the trial court imposed illegal flat-term sentences of 10 years for three of his offenses (one count of sexual assault and two counts of aggravated indecent assault); (2) the court should have imposed minimum and maximum terms for each sentence, (3) the Department of Corrections ("DOC") changed the sentences to terms of 10-20 years' imprisonment, and (4) the court should change these sentences to include both a minimum and maximum of ten years (i.e., 10-10 years' imprisonment). On January 11, 2012, the court denied Siluk's petition on the ground that (1) imposition of flat ten-year sentences was a clerical error, and the sentences should have been mandatory minimum sentences of 10-20 years' imprisonment under 42 Pa.C.S. § 9714, and (2) the court had instructed the DOC to correct the sentences to 10-20 years'

imprisonment. On February 11, 2012, Siluk filed an untimely notice of appeal. This Court quashed his appeal at 345 MDA 2012.

On April 17, 2014, Siluk filed a petition for mandamus in the Commonwealth Court at 524 M.D. 2013 requesting an order directing the DOC to recalculate his sentence in accordance with the 10-10 years' imprisonment formula envisioned in his prior PCRA petition – a formula that would have reduced his maximum sentence by thirty years. On June 5, 2014, the Commonwealth Court dismissed Siluk's petition, reasoning that (1) clerical sentencing errors can be corrected at any time, and (2) the DOC properly corrected Siluk's sentences to 10-20 years' imprisonment pursuant to the trial court's request to correct the aforementioned clerical errors. On February 17, 2015, the Supreme Court affirmed at No. 68 MAP 2014.

On August 6, 2015, Siluk filed a petition in the lower court for "clarification of sentence", the petition presently under review in this appeal. Once again, Siluk argued that it was illegal to change his flat 10-year sentences to sentences of 10-20 years' imprisonment. The Commonwealth filed a response in opposition to Siluk's motion. On September 2, 2015, the court dismissed Siluk's petition without a hearing. On October 2, 2015, Siluk filed a timely notice of appeal. Both Siluk and the court complied with Pa.R.Crim.P. 1925.

Although Siluk titled his request for relief a "petition for clarification of sentence," it falls within the scope of the PCRA. The PCRA is intended to be

the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. **Commonwealth v. Peterkin**, 722 A.2d 638, 640-41 (Pa.1998).

Siluk's petition is a challenge to the legality of his sentence, which falls within the ambit of the PCRA. **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super.2011) (court properly addressed motion to correct illegal sentence, filed after four unsuccessful PCRA petitions, as another PCRA petition). Thus, the rules governing PCRA petitions apply to Siluk's petition.

Before we address the merits of Siluk's claims, we must determine whether the PCRA court had jurisdiction to review his petition. We conclude that the PCRA court lacked jurisdiction to review Siluk's challenge to the legality of his sentence under the PCRA's one-year statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord* **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Siluk's judgment of sentence became final on April 15, 2005, his last day to appeal to the United States Supreme Court. The statute of limitations for filing a PCRA petition expired on Monday, April 17, 2006.[2] The present

_____

[2] The statute of limitations expired on April 17, 2006 because April 15, 2006 fell on a Saturday. **See** 1 Pa.C.S. 1908 ("whenever the last day of any

*(Footnote Continued Next Page)*

- 5 -

PCRA petition, which was filed on August 6, 2015, nine years after expiration of the statute, is untimely on its face.

None of the exceptions in section 9545(b)(i-iii) apply to this case. Siluk does not allege that the government interference or newly acquired evidence exceptions in section 9545(b)(i-ii) apply to his case.

With regard to subsection (iii), while Siluk complains that his sentence is illegal, he does not expressly claim that his aggregate term includes unconstitutional mandatory minimum sentences under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Even if he raised **Alleyne** *sub silentio*, subsection (iii) does not apply, because neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively to untimely PCRA petitions. Indeed, our Supreme Court recently held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, -- A.3d --, 2016 WL 3909088 (Pa., 7/15/16).[3]

_____
*(Footnote Continued)*

[time] period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

[3] One other procedural matter deserves mention. The docket reflects that before the court dismissed Siluk's petition, it failed to issue a notice of intent to dismiss the petition within twenty days. Pa.R.Crim.P. 907(a) provides:

> [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

---

*(Footnote Continued)* ————————

relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

Siluk did not challenge the court's failure to comply with Rule 907(1) in his appellate brief. He has therefore waived any objection to the lack of a Rule 907 notice. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super.2013).